IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

TIMOTHY FOLTZ, )
)
    Plaintiff. )
)
v. )
)
NORFOLK SOUTHERN RAILWAY )
COMPANY and PROFESSIONAL )
TRANSPORTATION, INC. d/b/a PTI )   2 11CV 389
)
    Defendants. )

## COMPLAINT

NOW COMES the Plaintiff, TIMOTHY FOLTZ, by and through his attorneys, HOEY AND FARINA, P.C. and GEORGE T. BRUGESS, and for his Complaint against the Defendants, NORFOLK SOUTHERN RAILWAY COMPANY and PROFESSIONAL TRANSPORTATION, INC., states as follows:

### COUNT I – F.E.L.A. – NORFOLK SOUTHERN RAILWAY COMPANY

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code sec. 56 and Title 28 U.S. Code sec. 1331.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. sec. 51 et seq.

3. At all times herein, the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, was and is a railroad corporation doing business in the State of Indiana.

4. At all times herein, the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, was a common carrier by railroad engaged in interstate commerce.

5. On March 18, 2010, and at all pertinent times, the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, owned, maintained and operated a railroad and as part of that activity transported employee crew members from place to place in highway motor vehicles.

6. On March 18, 2010, and at all pertinent times, Plaintiff was employed by the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, as a conductor, and his duties as such were in furtherance of interstate commerce for NORFOLK SOUTHERN RAILWAY COMPANY.

7. On March 18, 2010, the Plaintiff, was injured while in the scope of employment for Defendant, NORFOLK SOUTHERN RAILWAY COMPANY.

8. On March 18, 2010, the Plaintiff was ordered to travel from Elkhart, Indiana to Cleveland, Ohio by van provided by the NSRC or an agent thereof.

9. At the time and place alleged, the vehicle in which Plaintiff was a passenger in was not reasonably safe to transport railroad employees, including Plaintiff, in that the seats were wore out and without padding or support and the suspension on the van continually bottomed out during the trip from Elkhart to Cleveland subjecting Plaintiff to numerous and severe trauma.

10. The aforementioned unsafe condition of the van caused the Plaintiff to be injured.

11. At the time and place alleged, the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, had a non-delegable duty to exercise

ordinary care, to provide the Plaintiff with a reasonably safe place to work; to transport Plaintiff in a reasonably safe and cautious manner so as not to put Plaintiff in jeopardy of injury; and to furnish Plaintiff with a safe means of crew changing.

12.  Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, individually and by its agents, at the time and place aforementioned, notwithstanding its duties to Plaintiff, was careless and negligent, either directly or through its agents, in one or more of the following particulars and thereby caused injury to Plaintiff:

    (a) in failing to use ordinary care to provide the Plaintiff with a reasonably safe place in which to work;

    (b) failed to insist that the transportation company maintained their vehicles in proper and safe working condition;

    (c) violated certain safety standards including OSHA regulations, FRA regulations, industry safety standards and the Indiana Vehicle Code; and

    (d) was otherwise careless and negligent.

13.  Defendant's failure to provide Plaintiff, TIMOTHY FOLTZ, with a safe place to work by one or more of the aforementioned negligent acts or omissions caused, in whole or in part, Plaintiff's injuries.

14.  As a consequence, Plaintiff, TIMOTHY FOLTZ, incurred injuries which have caused and will continue to cause him great

pain, suffering, inconvenience, anguish, and disability; as a further result, Plaintiff, TIMOTHY FOLTZ, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff, TIMOTHY FOLTZ, has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital, and related expenses in the future.

15. Plaintiff, TIMOTHY FOLTZ, demands trial by jury.

WHEREFORE, the Plaintiff, TIMOTHY FOLTZ demands judgment in his favor and against the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, in a sum to be determined by the jury, plus the costs of this suit.

**COUNT II - NEGLIGENCE - PROFESSIONAL TRANSPORTATION, INC., d/b/a PTI**

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U. S. Code §56 and Title 28 U.S. Code §1367(a).

2. On March 18, 2010, and at all pertinent times, Defendant, PTI, was an Indiana corporation in the business of transporting passengers for hire.

3. On March 18, 2010, and at all pertinent times, the Defendant, PTI, owned, maintained and operated a certain vehicle to transport passengers for hire for the NORFOLK SOUTHERN RAILWAY COMPANY.

4. On March 18, 2010, the Plaintiff, a conductor for NORFOLK SOUTHERN RAILWAY COMPANY, in the course of his

4

employment, was a passenger in a van owned and operated by PTI being used to transport NORFOLK SOUTHERN RAILWAY COMPANY employee crewmembers from Elkhart, Indiana to Cleveland, Ohio.

5. At the time and place alleged, the van in which Plaintiff was a passenger in was not reasonably safe to transport railroad employees, including Plaintiff, in that the seats were wore out and without padding or support and the suspension on the van continually bottomed out during the trip from Elkhart to Cleveland subjecting Plaintiff to numerous and severe trauma.

6. The unsafe condition of the van caused the Plaintiff to be injured.

7. At the time and place alleged, the Defendant, PTI, had a non-delegable duty to exercise the highest degree of care to transport Plaintiff in a reasonably safe and cautious manner so as not to put Plaintiff in jeopardy of injury.

8. Defendant, PTI, at the time and place aforementioned, notwithstanding its duties to Plaintiff, was careless and negligent, either directly or through its agents, in one or more of the following particulars and thereby caused injury to Plaintiff:

    (a) in failing to transport Plaintiff in a safe and cautious manner;

    (b) violated certain safety standards including OSHA regulations, FRA regulations, industry safety standards and the Indiana Vehicle Code;

5

   (c) failed to keep their vehicle maintained and in good repair; and

   (d) was otherwise careless and negligent.

9. Defendant's failure to provide Plaintiff, TIMOTHY FOLTZ, with safe transport by one or more of the aforementioned negligent acts or omissions caused Plaintiff's injuries.

10. As a consequence, Plaintiff, TIMOTHY FOLTZ, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish, and disability; as a further result, Plaintiff, TIMOTHY FOLTZ, has been and will in the future be kept from attending to his ordinary affairs and duties, and has lost and will lose great gains which he otherwise would have made and acquired; as a further result, Plaintiff, TIMOTHY FOLTZ, has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital, and related expenses in the future.

11. Plaintiff, TIMOTHY FOLTZ, demands trial by jury.

WHEREFORE, the Plaintiff, TIMOTHY FOLTZ demands judgment in his favor and against the Defendant, PTI, in a sum to be determined by the jury, plus the costs of this suit.

          Respectfully submitted,
          Plaintiff, Timothy Foltz

        By: _____
          George T. Brugess

HOEY AND FARINA, P.C.
542 S. Dearborn, Suite 200
Chicago, IL 60605
312/939-1212

6