UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| TIMOTHY FOLTZ,<br><br>    Plaintiff,<br><br>    v.<br><br>NORFOLK SOUTHERN RAILWAY COMPANY and PROFESSIONAL TRANSPORTATION, INC. d/b/a PTI,<br><br>    Defendants. | Civil Action No. 2:11-CV-389-JVB |

**OPINION AND ORDER**

This case arises out of Federal Employer's Liability Act (FELA) and common law negligence claims alleged by Plaintiff Timothy Foltz against Defendants Norfolk Southern Railway Company (Norfolk) and Professional Transportation, Inc. (PTI). Defendants moved for Summary Judgment (DE 31) arguing that there is no genuine issue of material fact that Plaintiff's back injury was not reasonably foreseeable.

**A. FACTUAL BACKGROUND**

Plaintiff worked as a conductor for Norfolk. (Dep. of Timothy Foltz, DE 34-1 at 8.) On March 18, 2010, Plaintiff was ordered by Norfolk to travel by a minivan owned by PTI from Elkhart, Indiana, to Cleveland, Ohio, along with three other employees. (DE 34-1 at 15, 16, 24.)

1

Plaintiff initially sat in the third row bench seat of the van. (DE 34-1 at 26.) While sitting in the back seat he felt that the van's ride was "jarring," as if the van "had no shocks left." (DE 34-1 at 39, 77, 78.) Although Plaintiff dealt with sciatic issues in his back, he had never experienced any problems on previous trips. (DE 34-1 at 42–43.) The engineer noticed he was in discomfort and recommended that he move to the middle seat. (DE 34-1 at 35.) The move brought relief as the jarring decreased. (DE 34-1 at 38, 78.) Plaintiff did not tell anyone else in the van about his pain. (DE 34-1 at 38.)

The next morning Plaintiff bent over and experienced excruciating pain in his back. (DE 34-1 at 57.) He was transported by ambulance to the hospital where he was prescribed pain medication and released. (DE 34-1 at 58, 62, 65–66.) On his way back to Elkhart, Plaintiff did not notice the same pain or jarring during the trip home. (DE 34-1 at 69–70.) Plaintiff subsequently sought medical care and received spinal injections to help him deal with his pain. (DE 34-1 at 135–36, 141.)

**B. LEGAL STANDARD**

The Federal Rules of Civil Procedure require a court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party." *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

**C. ANALYSIS**

**(1)** *FELA Claims*

Under FELA, a railroad has a "nondelegable duty to provide its employees with a safe place to work." *Shenker v. Baltimore & Ohio R.R. Co.*, 374 U.S. 1, 7 (1963). The FELA standard of negligence is significantly less than the traditional negligence standard. *Anderson v. Liberty Lobby,* 477 U.S. 242, 254 (1986). Therefore, to survive summary judgment, a "plaintiff need only show slight evidence of negligence." *McGinn v. Burlington N. R.R. Co.*, 102 F.3d 295, 300 (7th Cir. 1996).

Defendants argue that they could not have found out about the unsafe condition of the van because there was nothing visibly wrong with it and Plaintiff never notified the driver of the pain in his back. However, the jarring condition described by Plaintiff could have been discovered simply by riding in the back of the van. Therefore, a jury could conclude that Defendants were not "exercising the highest degree of care consistent with its practical operations to guarantee his safety." *Wier v. Soo Line R.R. Co.,* 1998 WL 474098, *6 (N.D. Ill. Aug. 3, 1998).

Defendants also argue that Plaintiff should have notified them of his unusual susceptibility to injury and that without such notice they had no way to foresee that Plaintiff would be injured. However, Defendants' argument is predicated on the assumption that the van's ride was normal and that Plaintiff's sciatica caused the injury. Whether the van's ride was unsafe and whether that unsafe ride caused Plaintiff's injuries is a fact that must be submitted to the jury.

**(2)** *Common Law Claims*

Under Indiana law there are no degrees of negligence. *Bank of N.Y. v. Nally*, 820 N.E.2d 644, 654 (Ind. 2005). However, Indiana courts have cautioned that "summary judgment is rarely

3

appropriate in negligence actions." *Colen v. Pride Vending Serv.*, 654 N.E.2d 1159, 1162 (Ind. Ct. App. 1995)

Defendants argue that Plaintiff's injury was not reasonably foreseeable because Defendants had no notice that the van was in an unsafe condition. As explained above, a reasonable jury could conclude that Defendants could have discovered the defect in the van's condition simply by riding the back seat of the van.

Defendants also argue that Plaintiff has shown insufficient evidence to prove that the van's ride, not Plaintiff's sciatica caused Plaintiff's back injury. However, the fact that there may be multiple causes is "irrelevant as long as one cause may be attributable to the railroad's negligence." *Heater v. Chesapeake & Ohio Ry. Co.*, 497 F.2d 1243 1247 (7th Cir. 1974). Although Plaintiff may be faced with difficulty in proving causation, a reasonable jury could conclude that the van's rough ride aggravated Plaintiff's sciatica.

**D. CONCLUSION**

There is a genuine issue of material fact about whether Plaintiff's injury was reasonably foreseeable. Therefore, Defendants' Motion for Summary Judgment is **DENIED**.

SO ORDERED on September 18, 2013.

       s/ Joseph S. Van Bokkelen  
       JOSEPH S. VAN BOKKELEN  
       UNITED STATES DISTRICT JUDGE